UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JULIAN DEVELOPMENT, LLC,<br>    Plaintiff,<br><br>        v.<br><br>OLD VILLAGE MILL, LLC, JARED<br>GAUVIN, and MOOSUP MEADOWS, LLC<br>    Defendant. | No. 3:16-cv-00782 (MPS) |

**ORDER ON MOTION TO REMAND**

**I.    Introduction**

On April 29, 2016, Plaintiff Julian Development LLC ("Julian") filed a prejudgment remedy application against Defendants Old Village Mill, LLC ("OVM"), Jared Gauvin ("Gauvin"), and Moosup Meadows, LLC ("Moosup")[1] in Connecticut Superior Court, along with a proposed complaint for interpleader relief related to an agreement to excavate and remove stone. (ECF No. 23-1 at 3-18.) Defendants OVM and Gauvin then removed the case to federal court based on diversity jurisdiction arguing that, though Julian and Moosup are both Connecticut citizens, Moosup was fraudulently joined. (ECF Nos. 1, 17, and 23.)  Julian responded with a Motion to Remand. (ECF No. 15.) For the reasons set forth below, the Motion to Remand is GRANTED. OVM and Gauvin have not met their burden to prove that Moosup, a party to the very agreement at issue in the case, was fraudulently joined, and therefore the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

---

[1] Moosup Meadows, LLC is now known as Connecticut Building Solutions, LLC. (ECF No. 33.)

1

## II. Background

Julian, Moosup, and OVM are all limited liability companies and parties to an Excavation and Removal Agreement regarding the removal of minerals from a property in Plainfield, Connecticut. (ECF No. 23-1 at 20.) Julian is a contractor, Moosup the holder of mineral rights in the property, and OVM the property owner. (*Id.*) Julian alleges that individual defendant Jared Gauvin is an OVM employee. (*Id.* at 14 ¶ 3.) Under the Excavation and Removal Agreement, Moosup assigned its mineral rights to Julian, and OVM granted Julian access to the property "to remove minerals, rocks, and other precious metals." (*Id.* at 20.) In exchange, Julian agreed to pay Moosup and OVM, with Moosup having "the right to forty percent" of the compensation and OVM "retaining the right to the other sixty percent." (*Id.*) According to their own statements, Julian and Moosup are both Connecticut citizens, while OVM and Gauvin are both Rhode Island citizens. (ECF Nos. 13 ¶ 3, 14, and 33.)

On April 29, 2016, Julian filed a prejudgment remedy application with a proposed interpleader complaint under Conn. Gen. Stat. § 52-484 in Connecticut Superior Court. (ECF No. 23-1 at 3, 14.) The prejudgment remedy application named all three defendants in the case caption, but the proposed interpleader complaint named only OVM and Gauvin. (*Id.*) The proposed interpleader complaint alleged that Julian had overpaid OVM and Gauvin by $190,889.50 under the Excavation and Removal Agreement and sought "interlocutory judgment[s] requiring the Defendants to interplead together concerning their claims to the funds now in the hands of the Plaintiff" and "requiring the Plaintiff to deposit the disputed money in escrow with the Court." (*Id.* at 17 ¶ 22, 18 ¶¶ 1-2.) On May 20, 2016, Defendants OVM and Gauvin removed the case to federal court based on diversity jurisdiction. (ECF No. 1.) Julian then filed the instant motion to remand, citing a lack of complete diversity. (ECF No. 15).

### III. Legal Standard

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states, we must resolv[e] any doubts against removability." *In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (internal citation and quotation marks omitted). A civil action brought in state court can only be removed to a federal court that would have had original jurisdiction. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### IV. Discussion

The Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. It is "axiomatic… that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). *See also* Wright and Miller et al. § 3636 ("interpleader actions brought under state law in state courts and then removed to federal court must satisfy the requirements of rule interpleader, including complete diversity of citizenship.") The parties agree, and the record is clear, that Plaintiff Julian and Defendant Moosup are both citizens of Connecticut. (ECF Nos. 13 ¶ 3, 14, and 33.)  Although Moosup was not named as a defendant in the proposed interpleader complaint, the Court treats Moosup as a defendant in this action. First, Julian has generally treated Moosup as a defendant, naming Moosup as a defendant in the case caption and text of the prejudgment remedy application, effectuating service of process against Moosup, and filing a motion for default against Moosup. (ECF Nos. 23 at 11, 23-1 at 3-4, and 28.) Second, Julian

requested leave to "amend" the proposed complaint to include additional factual allegations against Moosup. (ECF No. 15-1 at 5.) It appears that Julian intended to name Moosup as a defendant and will do so when the complaint is signed and filed.[2] Complete diversity is therefore lacking.

OVM and Gauvin contend that Moosup was fraudulently joined, and its citizenship should be disregarded for purposes of establishing federal diversity jurisdiction, but their argument is unpersuasive. Under the doctrine of fraudulent joinder, "courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004) (internal citation omitted). "The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Id.* "In practice, this 'no possibility' standard is akin to a more rigorous version of the 'failure to state a claim' standard expressed in Rule 12(b)(6)....[b]ut because this is a jurisdictional inquiry, a court can look beyond the face of the complaint in assessing whether there is any possibility of recovery." *Ret. Program for Employees of the Town of Fairfield v. NEPC, LLC*, 642 F. Supp. 2d 92, 95 (D. Conn. 2009) (internal citation omitted).

---

[2] Under Connecticut law, a person seeking to obtain a prejudgment remedy must attach a "proposed unsigned writ, summons and complaint" to the signed prejudgment remedy application and supporting documents. Conn. Gen. Stat. § 52-278c. Although Connecticut courts do not consider an application for prejudgment remedy to constitute a "civil action" under state law, *Bernhard-Thomas Bldg. Sys., LLC v. Dunican*, 286 Conn. 548, 558-59 (2008), at least one of my colleagues has concluded that it is a "civil action" for purposes of the federal removal statutes. *Access Int'l Advisors Ltd. v. Argent Management Co. LLC*, 3:09cv1885 (SRU), ECF No. 27 at 3-4 (Dec. 29, 2009) (construing "civil action" in 28 U.S.C. §§ 1441(a), 1446(a)-(b)). I express no opinion on this issue because, as noted in the text, I conclude that the case is not removable on other grounds.

In determining whether it would be proper to include Moosup as a party to the state interpleader action, this Court must look to the applicable state law. *See Fed. Ins. Co. v. Tyco Int'l Ltd.,* 422 F. Supp. 2d 357, 381 (S.D.N.Y. 2006) ("the courts are clear that in deciding if there has been a fraudulent joinder of a non-diverse defendant, state law determines whether a plaintiff could possibly substantiate a cause of action and thus, properly sue a non-diverse defendant."). Connecticut's interpleader statute, Conn. Gen. Stat. § 52–484, provides, "[w]henever any person has, or is alleged to have, any money or other property in his possession which is claimed by two or more persons, either he, or any of the persons claiming the same, may bring a…bill of interpleader… making all persons parties who claim to be entitled to or interested in such money or other property." The Connecticut Supreme Court has described § 52–484 interpleader as "a broad joinder device to facilitate consolidation of related claims so as to avoid multiple litigation as well as protection against multiple liability." *Trikona Advisers Ltd. v. Haida Investments Ltd.*, 318 Conn. 476, 483 (2015) (internal citations and quotation marks omitted). By allowing the plaintiff to name as defendants "not only all who claim to be entitled to, but all who claim to be interested in, the property in question… its purpose is to secure a determination of every right, title or interest that can by possibility be set up." *Id.* at 490-91 (internal quotation marks and footnote omitted), *citing Union Trust Co. v. Stamford Trust Co.*, 72 Conn. 86, 93 (1899); *United States v. Federative Republic of Brazil*, 748 F.3d 86, 95 (2d Cir. 2014) ("interpleader suit, by its very nature, identifies various *possible* claimants to the funds at issue, but leaves it to the court to decide which, if any, have a valid claim") (emphasis in original); and 44B Am.Jur.2d 609, Interpleader § 3 (2007) ("Every reasonable doubt should be resolved in favor of a putative stake-holder's right to interplead.")

Under this broad state law interpretation of interpleader, Moosup would be a properly joined party. The proposed interpleader complaint seeks to resolve all possible competing claims to the funds in Julian's possession related to the Excavation and Removal Agreement. (ECF No. 23-1 at 18.) Although Julian does not allege any wrongdoing on Moosup's part, or claim that Moosup owes it damages, Moosup is a party to that agreement and is entitled to compensation from Julian under its terms. (ECF No. 23-1 at 20.) These facts are sufficient to establish that Moosup is "a possible claimant" who is "interested in" the funds in Julian's possession, which Julian proposes to deposit in escrow. *See Trikona*, 318 Conn. at 490-91. Whether Moosup ultimately will be found to have a *valid* claim to the funds is an issue for the state court. But at this stage, "[e]very reasonable doubt should be resolved in favor of a putative stake-holder's right to interplead." 44B Am.Jur.2d 609, Interpleader § 3 (2007), *quoted in Trikona*, 318 Conn. at 491. Moreover, "all factual and legal ambiguities [should be] resolved in favor of [the] plaintiff" who is disputing allegations of fraudulent joinder. *Briarpatch*, 373 F.3d at 302 (internal citation omitted). With Moosup and Julian both proper parties and both Connecticut citizens, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332.

**V.     Conclusion**

For the foregoing reasons, the Motion to Remand (ECF No. 15) is GRANTED. Other pending motions (ECF Nos. 5, 10, 28, 29, and 31) are DENIED as moot. The Clerk is directed to close the case.

IT IS SO ORDERED.

                                                 /s/
                                      Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
            October 13, 2016